IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AVERY A. SWARMS, # S-03769,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-01241-JPG |
| ) | |
| **AARON L. LAY** ) | |
| **and J. D. VIEREGGE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Avery Swarms, an inmate at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was subjected to excessive force during his detention at Fayette County Jail in Fayette County, Illinois (Doc. 1, p. 5). Specifically, Plaintiff alleges that on the night of October 31, 2013, he was blindfolded and strapped into a high security restraint chair for five hours, while officers repeatedly used a taser gun to quiet him. Plaintiff allegedly sustained permanent injuries. He now sues Sheriff Aaron Lay and Jail Administrator J. D. Vieregge for Eighth and Fourteenth Amendment violations. The complaint also names Deputies Jake Etchison and Cody Meachum in connection with these claims. Plaintiff seeks monetary damages (Doc. 1, p. 7).

### Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

1

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After carefully considering the allegations, the Court finds that the complaint survives preliminary review under Section 1915A.

## The Complaint

In the complaint, Plaintiff claims that he was subjected to excessive force during his detention at Fayette County Jail in 2013 (Doc. 1, p. 5). At the time, he was under the care of a

psychiatrist, who was treating him for anxiety and paranoia. The combination of psychotropic medication(s) and his condition caused him to talk excessively.

To quiet him, several Fayette County deputies placed Plaintiff in a high security restraint chair from 10:00 p.m. on October 31st until 3:00 a.m. on November 1st. They secured an elastic strap around Plaintiff's eyes and head, so that he could not see. Twice during the night, officers used a taser gun on Plaintiff. He claims that he did not resist the officers, he complied with all orders, and he made no threatening comments.

As a result of the incident, Plaintiff suffered extreme pain and injuries. The taser gun caused nerve and muscle damage to his right arm. He lost right arm strength. Although Plaintiff underwent physical therapy, his physical therapist opined that the damage is permanent. His motor movements are now unpredictable. Plaintiff maintains that his physical limitations also limit his ability to work.

Plaintiff names four individuals in connection with his excessive force claim. These individuals include Sheriff Aaron Lay and Jail Administrator J. D. Vieregge, who are both identified as Defendants in this action. Plaintiff also lists Deputies Jake Etchison and Cody Meachum, who have not been named as Defendants but shall be added as parties (Doc. 1, pp. 5-6). Plaintiff sues all four individuals for violating his rights under the Eighth and Fourteenth Amendments. He seeks monetary damages (Doc. 1, p. 7).

## Discussion

### Count 1 – Excessive Force

The constitutional source of Plaintiff's excessive force claim (**Count 1**) depends on his status as a pretrial detainee or a prisoner at the time force was applied. The Seventh Circuit discussed the applicable legal standard for excessive force claims, as follows:

3

> A claim of excessive force . . . is, at bottom, one that seeks to impose liability for 'physically abusive governmental conduct.' *Graham v. Connor*, 490 U.S. 386, 394 (1989). The right to be free from such abuse derives from various provisions of the Bill of Rights. The Fourth Amendment affords protection to the person in the context of a seizure, *id.*; the Eighth Amendment applies when, following the constitutional guarantees of our criminal process, there has been an adjudication of guilt and an imposition of sentence, *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). Between the status of arrestee and sentenced prisoner is the intermediate status of the detainee, who similarly is entitled to protection from physically abusive government conduct. The constitutional source of that protection lies in the right to be free from deprivations of liberty without due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535 & n. 16 (1979).

*See Kingsley v. Hendrickson*, 744 F.3d 443, 448 (7th Cir. 2014).

Plaintiff alleges that he was a pretrial detainee at the time of the tasing incident. If this is the case, the Fourteenth Amendment's Due Process Clause provides the substantive source of his claim. *Id.* (citing *Ingraham*, 430 U.S. at 672 n. 40; *Forrest v. Prine*, 620 F.3d 739, 743-44 (7th Cir. 2010)). The protections afforded under the Due Process Clause are broader than those provided under the Eighth Amendment. *Kingsley*, 744 F.3d at 448 (citing *Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009)). "[U]nder the Due Process Clause, a detainee *may not be punished* prior to an adjudication of guilt in accordance with due process of law." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). When analyzing excessive force claims under the Fourteenth Amendment, "the proper inquiry" is whether the detainee's treatment "amount[s] to punishment." *Id.* At a minimum, the official's conduct must constitute recklessness. *See id.* (citing *Archie v. City of Racine*, 847 F.2d 1211, 1219-20 (7th Cir. 1988)). The complaint supports a Fourteenth Amendment excessive force claim.

The allegations also support a claim of excessive force, at this early stage, under the Eighth Amendment. When a prisoner brings an excessive force claim under the Eighth Amendment, the Court's task "is to determine 'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause

harm.'" *Lunsford v. Bennett,* 17 F.3d 1574, 1581 (7th Cir.1994) (quoting *Whitley v. Albers,* 475 U.S. 312, 320–21 (1986)). "Whether the defendants' actions were done in a malicious and sadistic manner to cause harm is a strict and fairly high threshold. Factors relevant to [the] inquiry include the nature and extent of the harm, the need for force, the threat to the safety of staff and inmates, and the extent of the injury inflicted on the prisoner." *Id.* (citing *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)). The allegations support an Eighth Amendment excessive force claim. Therefore, regardless of whether Plaintiff was a pretrial detainee or prisoner at the time of the tasing incident, the complaint states an excessive force claim.

At this stage, Plaintiff shall be allowed to proceed with his claim for monetary relief against Sheriff Lay, Jail Administrator Vieregge, Deputy Etchison, and Deputy Meachum, all of whom are listed in connection with the excessive force claim. While it is not clear what role each individual played in the use of force, the allegations also indicate that Plaintiff was blindfolded at the time of the incident. For this reason, the Court would not expect Plaintiff to know, without further discovery, exactly what role each defendant played. Accordingly, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Lay, Vieregge, Etchison, and Meachum.

**Count 2 – Deliberate Indifference to Medical Needs**

Plaintiff shall also be allowed to proceed with a deliberate indifference to medical needs claim (**Count 2**) against Defendants Lay, Vieregge, Etchison, and Meachum. Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, just as convicted prisoners have under the Eighth Amendment. *Smith v. Sangamon County Sheriff's Dept.,* 715 F.3d 188, 191 (7th Cir. 2013). Relevant to Plaintiff's claim, the Supreme Court has recognized

that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). At this early stage, the Court shall allow Plaintiff to proceed with his deliberate indifference to medical needs claim against all four defendants, based on the alleged decision to quiet a mentally ill patient using a blindfold, a high security restraint chair, and a taser gun—a decision that allegedly resulted in permanent injuries to Plaintiff. **Count 2** shall proceed against Defendants Lay, Vieregge, Etchison, and Meachum.

### Pending Motions

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a **United States Magistrate Judge** for a decision.

Plaintiff also filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED** as to Defendants **LAY, VIEREGGE, ETCHISON,** and **MEACHUM**.

### Disposition

The Clerk is hereby **DIRECTED** to **ADD** as defendants to this action **JAKE ETCHISON** and **CODY MEACHUM**.

**IT IS HEREBY ORDERED** that with regard to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **LAY, VIEREGGE, ETCHISON,** and **MEACHUM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint,

and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 2, 2014**

*s/J. Phil Gilbert*
**U.S. District Judge**
